**Farrah Ali HASSAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74084.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2004.*

Decided April 9, 2004.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before MAGILL,** TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Petitioner Farrah Ali Hassan ("Hassan") appeals the Board of Immigration Appeals' ("BIA's") denial of her application for asylum and withholding of removal. We have

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

** Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

jurisdiction under 8 U.S.C. § 1252. We affirm the BIA's order of removal.

Because the facts are known to the parties we do not repeat them here.

We review the BIA's findings for support by substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's findings of fact are conclusive unless the evidence would compel any reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA affirms the IJ's decision in summary fashion, we review the IJ's ruling directly. *He v. Ashcroft*, 328 F.3d 593, 595–96 (9th Cir.2003).

The IJ denied Hassan's application solely on the basis of an adverse credibility finding. Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). The reasons the IJ sets forth for discrediting the applicant's testimony must be substantial and bear a legitimate nexus to the determination that the applicant did not meet her burden of establishing eligibility for asylum. *Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003); *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

Hassan has given two statements regarding the alleged attack on her family that forms the basis of her fear of persecution: a declaration attached to her asylum application and testimony at her removal hearing. In the declaration accompanying her asylum application, Hassan recounted the attack as follows:

[The attackers] began insulting our clan, calling us names. They then began separating the males from the females. Fortunately, my husband hid himself and our daughter as soon as the [attackers] came.

I was taken forcefully by the hair by one of the men and taken to a bed where this man raped me for about half an hour. I tried to resist him, but he subdued me by hitting me severely. About 2 times I heard gunfire and became frightened as I suspected that the other killed the rest of my family in the living room. I felt spoiled and angry and came to the living room as soon as I was free to move. I was shocked. I saw my 2 older brothers lying in a pool of blood. I also saw my mother screaming as if she was mad.

Admin. R. ("AR") at 293.

Hassan's testimony at her removal hearing differed substantially. There, she added two details of exceeding importance that did not appear in her declaration. First, she claimed that three attackers discovered her husband's hiding place, attacked him, and knocked him out with the butt of a rifle. AR at 87, 111. Hassan claimed that his injury was so severe that he still suffered from the blow when she left him in Kenya. AR at 113. Second, and perhaps more striking, Hassan claimed at the hearing that her father arrived at the house shortly after her brothers had been shot. She said, "he came across my two bothers that were dead and at that point, he was in shock too.... He was in such shock that he started ranting and screaming and because he screamed and yelled, he got killed too." AR at 91. Yet she did not even mention her father's murder in her declaration.

Hassan's testimony was also directly inconsistent with her declaration at important points. In her declaration, she claimed that her husband hid with their daughter during the attack. AR at 293. In her live testimony, she said he hid with her son. AR at 103–04. She testified that her rape occurred in the living room, not a

bedroom. AR at 87. This assertion is inconsistent with her deposition claim that she found her mother screaming and her brothers dead after she left the scene of her rape and entered the living room. AR at 293. The IJ found Hassan's testimony regarding the whole attack incredible based in part on these important discrepancies.

Inconsistencies in testimony in an asylum application may provide a cogent reason for an adverse credibility finding provided the inconsistencies are "substantial." See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001); Cf. Manimbao, 329 F.3d at 660 (stating that minor inconsistencies unrelated to the applicant's basis for seeking asylum will not support an adverse credibility determination). The discrepancies at issue here are not minor; they involve the heart of the asylum claim and support the IJ's adverse credibility judgment. See de Leon–Barrios v. INS, 116 F.3d 391, 393–94 (9th Cir.1997) (stating that discrepancies related to the basis for the alleged fear of persecution support an adverse credibility determination); Ceballos–Castillo v. INS, 904 F.2d 519, 520 (9th Cir. 1990).

The IJ's decision not to credit Hassan's explanations of these discrepancies is also supported by substantial evidence. When asked to explain her stories' various inconsistencies, she inevitably laid blame on the translator who helped her fill out her asylum application and transcribe her deposition. This answer is too pat, especially given the frequency with which Hassan used it at the hearing. Moreover, the translator signed the application, acknowledging his assistance and also acknowledging that the "completed application was read to the applicant in his or her native language for verification before he or she signed the application." AR at 144. Hassan signed the application without objec-tion. Id. Nothing but Hassan's assurances indicate that there was any difficulty with translation. Thus, the IJ did not err in discounting Hassan's explanation of the discrepancies.

Moreover, Hassan did not provide evidence to corroborate the critical parts of her story. We have held that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000). The IJ did not err by using the lack of corroboration as a further ground for doubting the veracity of Hassan's story.

The standard of proof necessary to show eligibility for withholding of removal is higher than the standard for showing eligibility for asylum. Consequently, " 'failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.' " Halaim v. INS, 358 F.3d 1128, 1132 (9th Cir.2004) (quoting Pedro–Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000)).

Hassan also argues that the BIA violated her due process rights by employing its streamlining procedures to dispense with her appeal. This argument collapses under the weight of our decision in Falcon Carriche v. Ashcroft, 350 F.3d 845, 848 (9th Cir.2003).

Accordingly, the record does not compel a contrary result as to the IJ's negative credibility finding.

**PETITION DENIED.**